

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

205 DEC 21  CH 9: 01

1

2  DAVID W. MÁRQUEZ
   ATTORNEY GENERAL

3
   Paula M. Jacobson
4  Assistant Attorney General
   Office of the Attorney General
5  1031 W. 4th Ave., Suite 200
   Anchorage, Alaska  99501
6  Phone: (907) 269-5190
7  Fax:    (907) 258-0760

8  Attorney for State Defendants

9              IN THE UNITED STATES DISTRICT COURT

10                 FOR THE DISTRICT OF ALASKA

11
   JULIA WALKER, individually and as          )
12 Personal Representative of the ESTATE OF    )
   TROY WALLACE                                )
13                                             )
                                               )
14              Plaintiffs,                    )
                                               )
15         vs.                                 )
                                               )
16                                             )
   DAVID D. HENDERSON, LAURI A.                )
17 MURRAY, WALTER T. RUD, SHERRI L.            )
   DAVIS, EDWIN D. IRIZARRY, and LINDA         )
18 MONTECILLO,                                 )
                                               )
19              Defendants.                    )    Case No. A05-176 CV (RRB)
20 _____)

21        **MOTION TO DISMISS STATE LAW CLAIMS WITHOUT PREJUDICE**

22        Defendants Henderson, Murray, Rud, Davis, and Montecillo hereby move this

23 court, pursuant to 28 USC § 1367(c), to decline supplemental jurisdiction over the state law

24 tort claims asserted by plaintiff. Those claims can then be dismissed without prejudice and

25

26

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

1

2    re-filed in the Superior Court for the State of Alaska.

3    DATED this 21ˢᵗ day of December, 2005 at Anchorage, Alaska.

4    DAVID W. MÁRQUEZ
     ATTORNEY GENERAL
5

6    By: _____
     Paula M. Jacobson
7    Assistant Attorney General
     Alaska Bar No. 9011101
8

9

10

11

12

13   CERTIFICATE OF SERVICE

14   This is to certify that on this date, a copy of
     the foregoing is being mailed and faxed to:

15   Edwin S. Budge
     Erik J. Heipt
16   Budge & Heipt, PLLC
     705 2nd Ave., # 910
17   Seattle, WA  98104
     (206) 621-7323
18   _Heather R. Hebdon 12/21/05_
     Heather R. Hebdon              Date
19

20

21

22

23

24

25

26

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Paula M. Jacobson
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5190
Fax:     (907) 258-0760

Attorney for State Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JULIA WALKER, individually and as          )
Personal Representative of the ESTATE OF   )
TROY WALLACE                               )
                                           )
                Plaintiffs,                )
                                           )
        vs.                                )
                                           )
DAVID D. HENDERSON, LAURI A.               )
MURRAY, WALTER T. RUD, SHERRI L.           )
DAVIS, EDWIN D. IRIZARRY, and LINDA        )
MONTECILLO,                                )
                                           )
                Defendants.                )    Case No. A05-176 CV
                                           )

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
STATE LAW CLAIMS WITHOUT PREJUDICE**

**I.    INTRODUCTION**

This case involves claims by the personal representative of the estate of Troy

Wallace, who died while in the custody of the State of Alaska Department of Corrections

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

(DOC) facility at Ketchikan.  In addition to claims under 42 USC § 1983, the Complaint also includes state law negligence claims against individual DOC employees.  Defendants ask this court to exercise its discretion pursuant to 28 U.S.C. § 1367(c) to deny supplemental jurisdiction over the state law claims and dismiss those claims without prejudice.  Pursuit of those claims in state court will permit the State of Alaska and the individual defendants to exercise important substantive rights under Alaska statutory law. Those rights will be lost if plaintiff's state law claims remain in federal court and proceed to trial.

## II.    FACTS

On January 14, 2004, Troy Wallace was convicted of disorderly conduct and placed on probation.  Mr. Wallace's probation was revoked on June 24, 2004 and he was sentenced to serve ten days at the Ketchikan Correctional Center (KCC).  Mr. Wallace reported to KCC on July 20, 2004.  At the time he reported to jail the KCC Corrections Officers (COs) noted that "there was a strong odor of intoxicants on or about his person." Mr. Wallace was placed in a cell in the "booking area" of the prison, where inmates can be constantly observed by COs via surveillance cameras.  Mr. Wallace remained in the "booking area" of the prison throughout his incarceration.

Mr. Wallace was evaluated by Linda Montecillo, the KCC nurse, on July 21, 2004.  She noted that Mr. Wallace stated that his last alcohol use was two days prior incarceration and that he was going through alcohol withdrawal.  According to the

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

2

medical record, Mr. Wallace denied symptoms of delirium tremens (DTs).[1]

The next day, July 22, 2004, Ms. Montecillo evaluated Mr. Wallace, and noted that his pulse and blood pressure had increased and that he was having visual hallucinations. Ms. Montecillo called Dr. Ernest Meloche, the physician who provides medical services to KCC, and informed him about Mr. Wallace's condition. Dr. Meloche told Ms. Montecillo to institute the Department of Corrections (DOC) medical protocol pertaining to alcohol withdrawal. Among other things, the protocol requires the administration of certain medications.[2] Ms. Montecillo instituted the protocol and administered the required medication. The next day, July 23, 2004, Ms. Montecillo re-evaluated Mr. Wallace. She noted that Mr. Wallace appeared improved because his pulse and blood pressure had decreased and that he was "cooperative" and able to drink fluids. Ms. Montecillo went off duty late that afternoon. Before leaving, she told the COs to make sure Mr. Wallace ate his dinner. Throughout the evening of July 23, 2004, the COs continued to observe Mr. Wallace on the surveillance-video monitor. Early on the morning of July 24, 2004, Mr. Wallace expired in his cell.

## III.    ARGUMENT

### A.    There Is No Diversity Jurisdiction.

Mrs. Walker incorrectly claims there is diversity jurisdiction in this action.

---

[1]    DTs may cause elevated pulse, respiration, blood pressure and temperature, agitation, auditory or visual hallucinations, shaking, and seizures.

[2]    The alcohol protocol requires the administration of Chlordiazepoxide (Librium) which is a benzodiazepine (anti-anxiety) medication.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Under controlling law, she bears the burden of proving that it exists. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

Under Alaska law, only the personal representative of the decedent has the legal authority to maintain a wrongful death action. *See AS* 09.55.580(a); *Estate of Pushruk*, 562 P.2d 329 (Alaska 1977); *Koski v. Alaska Juneau Gold Mining Co.*, 6 Alaska 334 (D. Alaska 1921)(the personal representative brings the suit for wrongful death in Alaska and holds any recovery as trustee for the statutory beneficiaries). Mrs. Walker has been appointed the personal representative of the Estate of Troy Wallace.

The controlling statute, 28 USC § 1332(c)(2), incorporates a bright line rule, which states:

> The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent....

Here, despite being a resident of Washington, Mrs. Walker, in her capacity as personal representative of the Estate of Troy Wallace, is deemed to be a citizen of the State of Alaska, thus destroying diversity jurisdiction in this case.

**B.    This Court Should Decline Supplemental Jurisdiction.**

**1.    Alaska Statutory Law Permits State Employees To Be Dismissed And The State To Be Substituted In Their Place In Cases Arising From Conduct Within The Scope Of Employment.**

State employees, individually named as defendants in civil actions, have the

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

substantive right to dismissal when a lawsuit arises out of their employment.[3]  Under AS 09.55.253, once the state attorney general certifies that an employee-defendant acted within the course and scope of employment when the claim arose, the state accepts legal responsibility for the employee's actions, and is <u>automatically</u> substituted as the party defendant.  *Exhibit A (letter from former Alaska Attorney General Greg Renkes to Governor Frank Murkowski).*

This new statute, which was enacted in 2004, is similar to the provisions of the Federal Tort Claims Act (FTCA).  *See* 28 USC § 2679(d).[4]  Under the FTCA, federal employees have absolute immunity from personal liability for torts committed within the scope of their employment.  The exclusive remedy for such torts is an action against the United States.  *See H. Rep. No. 700, 100th Cong., 2d Sess. (1988), reprinted in 1988 U.S. Code Cong. & Adm. News 5945; Pub. L. No. 100-694§ 2(b); S.J. & W. Ranch Inc. v. Lehtinen and United States of America,* 913 F.2d 1538, 1540 (9th Cir. 1990).

The history of AS 09.50.253 shows that the Alaska Legislature, like Congress, intended to protect state employees from personal liability for torts committed in the scope of employment while providing the public with the same type of exclusive

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

---

[3]   *Ware v. City of Anchorage*, 439 P.2d 793, 794 (Alaska 1968) (substantive law creates, defines, and regulates rights, while procedural law prescribes the method of enforcing the rights).

[4]   28 USC 2679(d) is commonly known as "the Westfall Act".

remedy as in the FTCA -- an action against the State of Alaska.[5] *Exhibit B (Letter from Governor Frank Murkowski to Gene Therriault, President of the Alaska State Senate).* With that goal in mind, the drafters of AS 09.50.253,[6] adopted language that, for the most part, mirrors that of 28 U.S.C. § 2679(d)(1).[7]

The transcripts of the Alaska Senate Judiciary Committee are instructive. At the March 11, 2004 hearing on the Senate Bill 338,[8] the members of the Committee were told that the purpose of the new statute was to "provide the ability, at the commencement of a lawsuit, to dismiss individually named employees acting in the course of employment and

---

[5]    AS 09.50.253 only applies to torts. It does not apply to claims brought under the United States Constitution. *See* AS 09.50.253(f).

[6]    AS 09.50.253(c) states:

Upon certification by the attorney general that the state employee was acting within the scope of the employee's office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon the claim in state court is considered an action or proceeding against the state under the provisions of this title, and the state is substituted as the party defendant....

[7]    28 U.S.C. 2679(d) (1) states:

**(d)(1)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant....

[8]    SB 338 ultimately became AS 09.50.253.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

6

substitute the state as a defendant." *Exhibit C at 3.*

The witness, Gail Voigtlander, of the State Attorney General's Office, told the legislature that the statute would have a positive effect on the State of Alaska, its employees, and the public because valuable state time and resources could be used more efficiently. *Exhibit C at 3-4; Exhibit D at 6.* Under AS 09.50.253 lawsuits like this one, which involve claims against several state employees, could be consolidated into one claim against the state. *Exhibit C at 4.*

Ms. Voigtlander also stated that state employees would benefit from the new statute because once certification/substitution was accomplished the employee would automatically be dismissed from the lawsuit, and could continue his job duties without the distraction and concerns which come with being a defendant in a lawsuit. *Exhibit C at 3.* The new law was also intended to extend certification/substitution to former and retired state employees. Under 09.50.253(c), those individuals would no longer have to take time off from other jobs or obligations to defend actions arising out of their past state employment. *Exhibit C at 3.*

Most importantly, AS 09.50.253 would benefit the public, which relies on state employees to deliver important services. Being the target of a lawsuit impairs the ability of an employee to give full attention to public service[9] and the threat of a lawsuit

_____

[9] A lawsuit against a state employee arising out of employment can jeopardize an employee's personal finances. Ms. Voigtlander gave the example of a state employee who applied for a mortgage and had to disclose the pending lawsuit against him, which slowed up the loan process.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

against individual employees can also make public service less attractive to qualified employees.

Finally, as pointed out by Representative Gara, a member of the House Judiciary Committee, CSSB 338 "doesn't change the scope of the state's liability to the public in a tort action."[10] *Exhibit C at 6.*  In other words, nothing in AS 09.50.253 disturbs the plaintiff's right to recover from the state in a common law tort action

**2.    Because It Is Undisputed That Defendants Were Acting In The Course And Scope Of Employment When The Claim Arose, They Would Be Entitled To Dismissal And Substitution If The State Law Claims Were In State Court.**

Plaintiff, in her complaint, expressly alleges that the defendants' conduct, which forms the basis for her lawsuit, occurred in the "course and scope" of the defendants' employment with the state.  The State of Alaska agrees.  Thus, under AS 09.50.253(c), defendants Henderson, Murray, Rud, Davis, and Montecillo have the right to certification and to have the State of Alaska substituted as the party defendant in their place.  Upon certification by the Attorney General, substitution of the State of Alaska is automatic.  In the words of the statute, upon certification: "the state *is* substituted as the party defendant." AS 09.50.253(c).

Under the scenario in this case, the employee's substantive rights will be lost as long as the state law tort claims are pending in federal court because under the Eleventh

---

[10]    Representative Gara, an attorney, is a democrat. Representative Maguire, the chair of the judiciary committee is a republican. Thus, legislators "on both sides of the aisle" recognized the importance of this bill to the State and supported it.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

8

Amendment the State cannot be a party defendant in a federal action.

**3.    There Are Exceptional Circumstances And Compelling Reasons To Decline Supplemental Jurisdiction.**

Supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966). Under 28 USC § 1367(c) 1)-(4), this court has the discretion to decline jurisdiction over the state law tort claims and should do so.[11] Lack of federal jurisdiction over the pendent claims will not leave plaintiff without a remedy. If this court declines supplemental jurisdiction, it may either dismiss the state claims without prejudice to be re-filed in state court or remand the claims to state court. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 348 (1988).

The Ninth Circuit has held that state law claims brought under § 1367(c)(4) may be remanded or dismissed under "exceptional circumstances" when there are "compelling reasons" to do so. *Executive Software N. Am., Inc. v. United States District Court*, 24 F.3d 1545, 1554 (9th Cir, 1994).

In *Executive Software,* the Court identified the guiding principles governing dismissal or remand of supplemental state law claims brought under 28 USC § 1367(a):

> [...the court] must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying

---

[11]    A district court may decline to exercise jurisdiction over a supplemental state law claim if (1) the claim raises a novel or complex issue of state law (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction (3) the district court has dismissed all claims over which the district court has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See 28 USC § 1367(c) (1-4).*

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

*Gibbs* values are best served by declining jurisdiction in the particular case (the compelling reasons).

*Id.* 1558.

The first part of the § 1367(c)(4) test is satisfied here. The circumstances of this case are "exceptional." Substitution of the state as the party defendant is prohibited by the Eleventh Amendment, which bars actions against non-consenting state defendants in federal court. [12] *See Pennhurst State School & Hospital v. Halderman,* 4565 U.S. 89, 120 (1984)(In the absence of consent, suits against a state or one of its agencies are proscribed by the Eleventh Amendment). The State of Alaska has not consented to federal jurisdiction, nor can it. *See* AS 44.23.020(c) (prohibiting the waiver of the state's Eleventh Amendment immunity). It is well established that supplemental jurisdiction, which is a doctrine of discretion, cannot override Eleventh Amendment immunity. *Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 539-540 (2002).

The inability, in federal court, to dismiss the individual defendants and replace them with the state, as required by Alaska law, is fatal to the retention of the supplemental state law claims in federal court. This "exceptional circumstance" alone

---

[12]    The Eleventh Amendment states:

The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

requires this court to decline jurisdiction[13].

The second part of the §1367(c)(4) test is also satisfied here. Under that test, the court must analyze whether there are "compelling reasons" for declining jurisdiction. The "compelling reasons" analysis requires the court to balance the "the *Gibbs* values" of economy, convenience, fairness, and comity. *Id.* at 1557; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Under *Gibbs*, needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties. *Gibbs,* 383 U.S at 726.

Here, fairness and comity require that this court dismiss the state law claims without prejudice so those claims can be re-filed in state court, thus allowing the individual employee–defendants to be dismissed.

It is patently unfair to deprive employee defendants of the benefit of statutory immunity from suit because a plaintiff elects a federal forum. To do so will create two subsets of employees -- those sued in state court, who are certified and dismissed and those sued in federal court who must continue to bear the burden of a lawsuit because substitution is not possible in federal court. Nothing in the legislative history of AS 09.50.253 shows that Alaska lawmakers intended this disparate result.

The doctrine of "comity" is one of deference and respect among courts of

---

[13]    The circumstances of this case also fit the *Burford* abstention doctrine, which, among other things requires this court to abstain from jurisdiction "to avoid needless conflict with the administration of a state with its own affairs" and to "avoid a disruptive effect on the state's efforts to establish a coherent policy on a matter of substantial public concern." *See Burford v. Sun Oil Co.*, 63 S.Ct. 1098, 319 U.S. 315 (1943).

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

11

overlapping jurisdiction. *Matanuska Electric Ass'n., Inc. v. Chugach Electric Ass'n.*, 99 P.3d 553, 560 (Alaska 2004). Here, an Alaska statute provides relief for individual state employees who find themselves defendants in lawsuits arising out of state service. The intent of the Alaska legislature should be honored by this court.

## IV.    CONCLUSION

For the reasons stated above, there is no diversity between the defendants and the plaintiff. In addition, this court should also use its discretion and decline supplemental jurisdiction under the circumstances of this case.

DATED this 21 day of December, 2005 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:

Paula M. Jacobson
Assistant Attorney General
Alaska Bar No. 9011101

CERTIFICATE OF SERVICE

This is to certify that on this date, a copy of
the foregoing is being mailed to:

Edwin S. Budge
Erik J. Heipt
Budge & Heipt, PLLC
705 2nd Ave., # 910
Seattle, WA 98104

Heather R. Hebdon    12/21/05
Heather R. Hebdon                Date

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

12