**Erik J. Heipt,** *pro hac vice*
erik@budgeandheipt.com
**Edwin S. Budge,** *pro hac vice*
ed@budgeandheipt.com
BUDGE & HEIPT, P.L.L.C.
705 Second Ave., Suite 910
Seattle, WA 98104
Telephone: 206-624-3060
Facsimile: 206-621-7323

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE, | ) ) ) ) NO. A05-0176 CV (RRB) |
| Plaintiffs, | ) ) AMENDED COMPLAINT ) (42 U.S.C. § 1983) |
| v. | ) ) (Jury Demanded) |
| DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, LINDA MONTECILLO, AND ERNEST MELOCHE, M.D. | ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff Julia Walker, individually and as personal representative of the Estate of Troy

Wallace, hereby alleges as follows:

AMENDED COMPLAINT                    1

ORIGINAL

## PRELIMINARY STATEMENT

1.      This is a civil action for monetary relief arising out of events and circumstances leading up to and surrounding the unlawful death of Troy Wallace in the Ketchikan Correctional Center in July 2004.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the plaintiffs' civil rights claims under 42 U.S.C. § 1983, pursuant 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).  This Court has supplemental jurisdiction over the plaintiffs' related state claims pursuant to 28 U.S.C. § 1367(a).  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and because the plaintiffs' claims exceed $75,000 in damages, exclusive of interests and costs.

3.      Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because all of the events that support the plaintiffs' allegations occurred in this judicial district and because the defendants reside in this judicial district.

## PARTIES

4.      Plaintiff Julia Walker in her individual capacity is the surviving mother of Troy Wallace, who is now deceased.  Ms. Walker is a citizen of the United States and a resident of the State of Washington.

5.      Plaintiff Julia Walker in her representative capacity is the personal representative of the Estate of Troy Wallace.  The Estate of Troy Wallace was formed in the State of Washington and is maintained under the jurisdiction of the King County Superior Court in Seattle, Washington.

6.    The Ketchikan Correctional Center is a correctional institution formed, maintained and operated by the State of Alaska under the authority of the Alaska Department of Corrections.

7.    Defendant David D. Henderson is a United States Citizen residing in the State of Alaska. At all times relevant hereto, Defendant Henderson was an employee and/or agent of the State of Alaska working as a corrections officer and/or sergeant at the Ketchikan Correctional Center. At all times relevant hereto, Defendant Henderson was acting within the course and scope of his official duties as an employee and/or agent of the State of Alaska. All acts committed by Defendant Henderson were done under color of the laws of the State of Alaska and under the authority of his position as a corrections officer and/or sergeant with the Alaska Department of Corrections.

8.    Defendant Lauri A. Murray is a United States Citizen residing in the State of Alaska. At all times relevant hereto, Defendant Murray was an employee and/or agent of the State of Alaska working as a corrections officer at the Ketchikan Correctional Center. At all times relevant hereto, Defendant Murray was acting within the course and scope of her official duties as an employee and/or agent of the State of Alaska. All acts committed by Defendant Murray were done under color of the laws of the State of Alaska and under the authority of her position as a corrections officer with the Alaska Department of Corrections.

9.    Defendant Walter T. Rud is a United States Citizen residing in the State of Alaska. At all times relevant hereto, Defendant Rud was an employee and/or agent of the State of Alaska working as a corrections officer at the Ketchikan Correctional Center. At all times relevant hereto, Defendant Rud was acting within the course and scope of his official duties as an employee and/or agent of the State of Alaska. All acts committed by Defendant Rud were done

AMENDED COMPLAINT                                    3

under color of the laws of the State of Alaska and under the authority of his position as a corrections officer with the Alaska Department of Corrections.

10.    Defendant Sherri L. Davis is a United States Citizen residing in the State of Alaska. At all times relevant hereto, Defendant Davis was an employee and/or agent of the State of Alaska working as a corrections officer at the Ketchikan Correctional Center. At all times relevant hereto, Defendant Davis was acting within the course and scope of her official duties as an employee and/or agent of the State of Alaska. All acts committed by Defendant Davis were done under color of the laws of the State of Alaska and under the authority of her position as a corrections officer with the Alaska Department of Corrections.

11.    Defendant Edwin D. Irizarry is a United States Citizen residing in the State of Alaska. At all times relevant hereto, Defendant Irizarry was an employee and/or agent of the State of Alaska working as a corrections officer at the Ketchikan Correctional Center. At all times relevant hereto, Defendant Irizarry was acting within the course and scope of his official duties as an employee and/or agent of the State of Alaska. All acts committed by Defendant Irizarry were done under color of the laws of the State of Alaska and under the authority of his position as a corrections officer with the Alaska Department of Corrections.

12.    Defendant Linda Montecillo, R.N. is a United States Citizen residing in the State of Alaska. At all times relevant hereto, Defendant Montecillo was an employee and/or agent of the State of Alaska working as a nurse at the Ketchikan Correctional Center. At all times relevant hereto, Defendant Montecillo was acting within the course and scope of her official duties as an employee and/or agent of the State of Alaska. All acts committed by Defendant Montecillo were done under color of the laws of the State of Alaska and under the authority of her position with the Alaska Department of Corrections. Defendant Montecillo was responsible

AMENDED COMPLAINT                                4

for medical care of inmates, including, but not limited to, identifying and ensuring proper and necessary medical treatment to inmates experiencing serious withdrawal from alcohol and/or other serious medical conditions in a manner consistent with the appropriate standard of care; and ensuring that inmates do not sustain unnecessary pain, suffering, injury and/or death.

13. Defendant Ernest Meloche, M.D. is a United States Citizen residing in the State of Alaska. Defendant Meloche is a physician engaged in the practice of medicine.

14. At all times relevant hereto, Defendant Meloche, as a part of his medical pratice, provided medical consultation and care in connection with the medical needs of inmates and detainees incarcerated at the Ketchikan Correctional Center. At all times relevant hereto, Defendant Meloche was acting under color of state law, as an agent of the State of Alaska, and also in his capacity as a private physician.

15. Among other things, Defendant Meloche assumed certain duties in connection with the providing of medical care for inmates and detainees at the Ketchikan Correctional Center, including those who were experiencing serious withdrawal from alcohol. Defendant Meloche was further responsible for ensuring that such inmates receive treatment consistent with the appropriate standard of care and that they not sustain unnecessary pain, suffering, injury and/or death.

## FACTUAL ALLEGATIONS

16. On or about July 20, 2004, Troy Wallace committed himself to the Ketchikan Correctional Center to serve a court-ordered jail sentence. The Ketchikan Correctional Center accepted custody of Mr. Wallace and thereafter, and for the remainder of his life, Mr. Wallace remained as an inmate confined at the Ketchikan Correctional Center under the direction, control and authority of the State of Alaska and its agents. At all times, Mr. Wallace was entitled to the

AMENDED COMPLAINT                    5

protections afforded him under the Eight Amendment of the United States Constitution and the laws of the State of Alaska.

17.    At the time he was booked into the Ketchikan Correctional Center, Mr. Wallace was exhibiting signs and symptoms relating to withdrawal from alcohol, and such signs and symptoms were observed by jail staff. Jail staff, including the individual defendants herein, were aware that Mr. Wallace was experiencing withdrawal from alcohol and that such withdrawal constituted a serious medical condition.

18.    Mr. Wallace's medical condition relating to withdrawal from alcohol worsened and progressed during his incarceration at the Ketchikan Correctional Center leading up to his death sometime after 1:00 a.m. on July 24, 2004. Jail staff, including the individual defendants named herein, observed the signs and symptoms of Mr. Wallace's serious medical condition relating to his withdrawal from alcohol, including, but not limited to, severe shaking, hallucinations, severe perspiring, high pulse rate, high blood pressure, inability to adequately eat and drink, insomnia, nonsensical speech, bizarre behavior, confusion, anxiety, agitation, nervousness, incontinence, delirium, seizures and other signs and symptoms associated with serious withdrawal from alcohol including his eventual collapse and death.

19.    During the course of Mr. Wallace's incarceration, Defendant Montecillo contacted Defendant Meloche and informed him of the fact of Mr. Wallace's alcohol withdrawal and/or certain signs or symtoms relating to such withdrawal. From at least that point forward, Defendant Meloche was under a duty to properly, adequately and fully evaluate Mr. Wallace's condition and advise medical treatment of Mr. Wallace in a manner that was consistent with the appropriate standard of care.

AMENDED COMPLAINT                                      6

20.     During his incarceration at the Ketchikan Correctional Center, it was objectively clear that Mr. Wallace had a serious, life-threatening medical condition and was in need of immediate medical assistance of an appropriate nature. Each of the defendants was aware of Mr. Wallace's medical needs and it was foreseeable that that the failure to secure such care would result in death or serious bodily injury to Mr. Wallace.  Despite a duty to promptly secure appropriate medical care for Mr. Wallace, defendants failed to do so and/or acted in a manner that was so inadequate as to be in violation of Mr. Wallace's rights under the Eight Amendment of the United States Constitution and his rights under the laws of the State of Alaska.

21.     Defendant Meloche failed in his duty to properly, adequately and fully evaluate and advise medical treatment of Mr. Wallace in a manner that was consistent with the appropriate standard of care.

22.     Defendant Montecillo failed in her duty to provide medical treatment that was consistent with the appropriate standard of care.

23.     Mr. Wallace's death was the direct and foreseeable result of the defendants' actions and inactions as alleged herein.

24.     At all times relevant hereto, all of the defendants acted with deliberate indifference to Mr. Wallace's serious medical needs.  Moreover, at all times relevant hereto, defendants acted intentionally, knowingly, maliciously, and/or recklessly in violation of Mr. Wallace's well-established constitutional rights under the Eighth Amendment to the United States Constitution. Defendants further acted outrageously, with malice or bad motives, and/or recklessly so as to be subject to punitive damages under state law.  In the alternative, some or all of the individual defendants' actions and inactions were negligent.

AMENDED COMPLAINT                                7

25.     Plaintiff Julia Walker suffered, and continues to suffer, damages as a result of her son's death, including the loss of the love, society and companionship of her son and the destruction of her parent-child relationship with him. She seeks to recover all damages available under state and federal law as a result of the death of her son, including, but not limited to, damages for the loss of the love, society and companionship of her son and the destruction of her parent-child relationship with him, damages for severe emotional distress, suffering and grief, and punitive damages. In addition, the Estate of Troy Wallace is entitled to recover and seeks all damages available under state and federal law, including, but not limited to, economic damages, damages for the unnecessary and avoidable physical and mental pain and suffering experienced by Mr. Wallace leading up to and surrounding his death, hedonic damages for the loss of Mr. Wallace's life and loss of his enjoyment of life, and punitive damages.

## CLAIMS

### 42 U.S.C. § 1983 – Against All Defendants

26.     The plaintiffs repeat and re-allege paragraphs 1 through 25 of this complaint as if fully set forth herein.

27.     As a result of the allegations contained in this complaint, all defendants are liable under 42 U.S.C. § 1983 for violating Mr. Wallace's rights under the Eighth Amendment to the United States Constitution and for depriving Julia Walker of her right under the Fourteenth Amendment to the United States Constitution to the society and companionship of her son.

### State Law Claims – Against All Defendants

28.     The plaintiffs repeat and re-allege paragraphs 1 through 27 of this complaint as if fully set forth herein.

AMENDED COMPLAINT                                    8

29.    As a result of the allegations contained in this complaint, all defendants are liable under the laws of the State of Alaska for negligently and otherwise wrongfully causing the death of Troy Wallace.

### State Law Claims – Against Defendant Montecillo

30.    The plaintiffs repeat and re-allege paragraphs 1 through 29 of this complaint as if fully set forth herein.

31.    As a result of the allegations contained in this complaint, Defendant Montecillo is also liable for professional negligence for failing to care for and treat Troy Wallace consistently with the appropriate standard of care and therefore causing him harm, including, but not limited to, his death.

### State Law Claims — Against Defendant Meloche

32.    The plaintiffs repeat and re-allege paragraphs 1 through 31 of this complaint as if fully set forth herein.

33.    As a result of the allegations contained in this complaint, Defendant Meloche is also liable for professional negligence for failing to properly evaluate, diagnose and advise a proper course of treatment for Troy Wallace consistent with the appropriate standard of care and therefore causing him harm, including, but not limited to, his death.

### JURY DEMAND

34.    Plaintiffs hereby demand a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that the Court award:

A.    All available damages to Julia Walker under state and federal law, including, but not limited to, damages for the loss of the love, society and companionship of her son and the

AMENDED COMPLAINT                    9

destruction of her parent-child relationship with him, damages for severe emotional distress, suffering and grief, and punitive damages under state and federal law.

B.    All available damages to the Estate of Troy Wallace under state and federal law, including, but not limited to, economic damages, damages for the unnecessary and avoidable physical and mental pain and suffering experienced by Mr. Wallace leading up to and surrounding his death, hedonic damages for the loss of Mr. Wallace's life and loss of his enjoyment of life, and punitive damages.

C.    Attorneys' fees, costs, and prejudgment interest; and

D.    Any such other relief that this Court deems just and equitable.

DATED this 26 day of _____December_____, 2005.

BUDGE & HEIPT, P.L.L.C.

_____

Erik J. Heipt, *pro hac vice*
Edwin S. Budge, *pro hac vice*
Attorneys for Plaintiff

AMENDED COMPLAINT                                    10