**Erik J. Heipt,** *pro hac vice*
erik@budgeandheipt.com
**Edwin S. Budge,** *pro hac vice*
ed@budgeandheipt.com
BUDGE & HEIPT, P.L.L.C.
705 Second Ave., Suite 910
Seattle, WA 98104
Telephone: 206-624-3060
Facsimile: 206-621-7323

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, LINDA MONTECILLO AND ERNEST MELOCHE, M.D., <br><br> Defendants. | NO. A05-0176 CV (RRB) <br><br> PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES |

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 37, plaintiff moves for an order compelling defendants Henderson, Murray, Rud, Davis and Montecillo (the "subject defendants") to provide substantive

responses to Interrogatory Nos. 7 and 8 of Plaintiff's First Discovery Requests. Plaintiff further moves for an order compelling the subject defendants to produce the materials requested by Request for Production No. 2 of Plaintiff's First Discovery Requests. As indicated by the attached Good Faith Certificate, counsel have conferred and determined that it is necessary to file this motion.

## FACTS

This is a civil rights case arising from the death of a young man named Troy Wallace in the Ketchikan Correctional Center. The plaintiff, Julia Walker, is Mr. Wallace's mother. She has filed suit in her individual and representative capacity. The subject defendants are corrections officers from the Ketchikan Correctional Center and the jail's nurse.[1]

This case arises from the death of Troy Wallace during the early morning hours of July 24, 2004. Mr. Wallace died alone in his cell from complications related to acute alcohol withdrawal—approximately three and one-half days after he checked himself into the jail to serve a short sentence arising from a charge of disorderly conduct. The facts are more fully summarized in Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, filed January 3, 2006.

Plaintiff issued a first set of identical discovery requests to the subject defendants. Declaration of Edwin S. Budge, Ex. A. The requests are standard for cases such as this one and are unquestionably calculated to lead to the discovery of admissible evidence. At issue in this motion is the subject defendants' refusal to provide substantive responses to three of these requests.

The first discovery request at issue is Interrogatory No. 7, which asks:

---

[1]   The physician-defendant, Defendant Ernest Meloche, M.D., is not a subject of the present motion.

PLAINTIFF'S MOTION
TO COMPEL                                                                 2

> Have you ever been accused of misconduct, negligence, dereliction of duty, or any other wrongdoing in connection with your employment with the State of Alaska? If so, identify:
>
> a. The name(s) of the individual(s) who so accused you;
> b. The date of the event(s) on which the accusation is based;
> c. The names of all individuals involved; and
> d. A description of what happened.

To this discovery request, each subject defendant responded with this objection: "Objection. This information is confidential pursuant to AS 39.25.080 and the Alaska Constitution, Article I § 22." Budge Decl., Ex. A.

The second discovery request at issue is Interrogatory No. 8, which asks:

> Have you ever been the subject of, or a participant, in any investigation or inquiry in connection with your employment with the State of Alaska? If so, please describe the general nature of the investigation or inquiry, the date(s) of the investigation or inquiry, and the names of all the individuals involved.

To this discovery request, each subject defendant provided the identical objection: "Objection. This information is confidential pursuant to AS 39.25.080 and the Alaska Constitution, Article I § 22." Budge Decl., Ex. A.

The final discovery request at issue is Request for Production No. 2, which simply asks: "Produce your employment file with the State of Alaska." To this request, the subject defendants have each objected that they will provide only that information "listed at AS 39.25.080," namely, the names and positions held by the subject defendants, their employment classifications, dates of employment, and compensation. Budge Decl., Ex. A. They have refused to provide *any* additional information called for by the discovery request.

Plaintiff has attempted to avoid the necessity of filing this motion, by first conferring with defense counsel at length. Declaration of Edwin S. Budge, ¶ 3. Plaintiff's counsel has also

PLAINTIFF'S MOTION
TO COMPEL                                    3

entered into a protective order designed to preserve the confidentiality of information considered sensitive by the defense. Id., Ex. B. Despite plaintiff's efforts to resolve these issues informally—and despite signing a protective order prohibiting public dissemination of materials the defendants deem sensitive—the subject defendants have refused to provide substantive answers to the discovery requests at issue. For the reasons discussed below, the information is plainly discoverable. Defendants' objections should be overruled, and the requested information should be provided.

## ARGUMENT

Plaintiff has requested specific information about the subject defendants' employment history working for the Alaska Department of Corrections ("DOC"). Such discovery requests are standard in cases such as this one, since they may reveal information bearing on defendants' experience, training, and prior conduct. The subject defendants' work experience, training, and past conduct as DOC employees is potentially relevant to a host of issues, including their potential liability for negligence (and the degree thereof), their potential liability for deliberate indifference to Mr. Wallace's serious medical needs, their potential liability for punitive damages, and myriad other issues.

There is no question that the requested information is relevant, reasonably calculated to lead to the discovery of admissible evidence, and otherwise discoverable under Fed. R. Civ. P. 26. Indeed, the subject defendants have not claimed otherwise. They have made no objection to the relevance of the requested information. They have not claimed that the requests are overbroad or unduly burdensome or otherwise inappropriate. They have not questioned (and cannot reasonably question) the fact that the requested information may bear on issues that are

central to the case. Instead, they have specifically limited their objections to "AS 39.25.080 and the Alaska Constitution, Article I § 22." Neither of these objections justifies the subject defendants' refusal to respond to relevant discovery requests.

The subject defendants' first objection, AS 39.25.080, is completely inapplicable. The statute prohibits the Alaska Department of Administration and its Division of Personnel from permitting "public inspection" of certain employment records. In asserting this objection, the subject defendants or their counsel seem to have lost sight of the fact that neither the State of Alaska nor any of its divisions or departments are defendants in this case. Rather, the subject defendants are the individual state employees themselves, and it is their *own* records and certain employment history that are the subject of the discovery requests. AS 39.25.080 simply does not apply in the present situation, for (while it prohibits the State of Alaska from publicly disclosing certain personnel records) it specifically provides: "A state employee has the right to examine the employee's own personnel files and may authorize others to examine those files." AS 39.25.080(c).

By asserting AS 39.25.080, defendants have also conflated the idea of "public inspection" with an individual litigant's right to obtain relevant information under the Federal Rules of Civil Procedure in a civil lawsuit. The statute is plainly designed to prevent disclosure of employment information to inquiring members of the public or media pursuant to broad public records requests. It is not designed to thwart a private litigant's right to obtain specific information that may bear on a private civil action. Indeed, by plaintiff's agreement to enter into an appropriate protective order—one that would limit plaintiff's use of the requested information

PLAINTIFF'S MOTION
TO COMPEL                                              5

to the present lawsuit and prevent public dissemination of the requested information—no policy of AS 30.25.080 would be violated by answering the discovery requests at issue.

The subject defendants' only other objection—Article I § 22 of the Alaska Constitution—is so transparent that there is very little to say in response. The constitutional section in question states, "The right of the people to privacy is recognized and shall not be infringed. The legislature shall implement this section." The subject defendants' invocation of their constitutional right to privacy, while extraordinarily creative, is clearly inappropriate. Defense counsel has cited no authority for the notion that the constitutional right to privacy permits a civil defendant to refuse to answer relevant discovery requests in a federal lawsuit. Were the constitutional right to privacy to so apply, there could be no civil litigation as we know it. Neither plaintiff nor defendant nor third party witness would have to give their date of birth or home address or other "private" information. Nor would they have to answer questions about their background or testify at deposition or trial about what they did on a certain day or about anything not already in the public record. The examples are endless—defendants' objection should be overruled and the requested information should be provided.

## CONCLUSION

For the foregoing reasons, plaintiff requests that the Court enter the accompanying order requiring defendants to fully answer Interrogatory Nos. 7 and 8 and provide the documents requested by Request for Production No. 2.

DATED this 6 day of January, 2006.

                BUDGE & HEIPT, P.L.L.C.

                _____
                Edwin S. Budge, *pro hac vice*
                Erik J. Heipt, *pro hac vice*
                Attorneys for Plaintiff

PLAINTIFF'S MOTION
TO COMPEL                7