DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Paula M. Jacobson
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Phone: (907) 269-5190
Fax:    (907) 258-0760
Attorney for State Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, and LINDA MONTECILLO,<br><br>　　　　　Defendants. | Case No. A05-176 CV (RRB) |

**OPPOSITION TO MOTION TO COMPEL AND IN THE ALTERNATIVE MOTION FOR A PROTECTIVE ORDER**

**1.    The Information Sought is Confidential Under Alaska Law.**

Plaintiff argues that she is entitled to unlimited access to the defendants' personnel files.  She also argues that she is entitled to responses to Interrogatories asking for information, which, if it exists at all, would be contained in the personnel files. Defendants objected to the disclosure of their personnel files pursuant to AS 39.25.080,

which expressly states that the personnel files sought by plaintiff are confidential.[1]

Plaintiff argues that AS 39.25.080 is inapplicable because she sued the defendants individually and the State of Alaska is not a party to this lawsuit. This argument makes no sense. The fact that plaintiff chooses to name state employees individually does not "white-out" the fact that she seeks material contained in the defendants' confidential personnel files. Those files are maintained by the State of Alaska and expressly protected by Alaska law.

Plaintiff then argues that defendants' objection is invalid because the individual defendants can opt to release their personnel files under AS 39.25.080(c), which states "…the employee *may* authorize others to examine those files." This argument makes less sense than the preceding one. As plaintiff's voluminous exhibits to her Motion to Compel show, each defendant filed a separate response to plaintiff's discovery requests; each defendant objected to the request for his/her personnel file; and each defendant signed his/her own discovery responses. Although the statute gives the defendants the *option* of authorizing disclosure of personnel files, the defendants have not exercised that option.

**2.    The Defendants Have a Right to Privacy Under the Alaska Constitution.**

Section 22 Article I of the Alaska Constitution states: "The right of the people to privacy is recognized and shall not be infringed".

Plaintiff argues that defendants' objections based on the constitutional right to

---

[1] Defendants are not waiving their objection to Interrogatory Nos. 7 and 8. They are objecting to the Interrogatories for the same reason that they object to production of personnel files.

privacy are "transparent" and "creative". Plaintiff also argues that the Alaska Constitution is inapplicable because this is a federal lawsuit. Plaintiff is wrong. The Alaska Constitution does not stop at the door of the federal courthouse, when, as here, plaintiff brings state law claims in federal court. In describing the express protections of the Alaska Constitution, the Alaska Supreme Court stated:

> Unlike the federal right to privacy, which originates from a broad interpretation of the due process clause of the fourteenth amendment or emanates from the ninth amendment, the Alaska Constitution expressly protects the right to privacy for Alaska citizens…It is plausible for an employee to expect that the details of contained within his personnel file are confidential.

*Jones v. Jennings,* 788 P. 2d 732, 738 (1990).[2]

Under Alaska law, a plaintiff must make a strong showing before obtaining discovery that implicates confidentiality and privacy rights. *See Falcon v. APOC*, 570 P.2d 465 (Alaska 1977). It is well established that the government has an obligation to protect personal information that it gathers. *Falcon*, 570 P.2d at 476. Defendants are entitled to such protection because they have a legitimate expectation of privacy which is consistent with Alaska law.

### 3. Disclosure Should Occur in the Least Intrusive Manner Possible.

If this Court finds that some disclosure is warranted, it should balance plaintiff's need for discovery against the defendants' privacy rights which are protected by

---

[2] *Jones* is distinguishable because it involved disclosure of municipal employee personnel files pursuant to municipal ordinance. The *Jones* Court expressly declined to decide whether AS 39.25.080 would preclude a party from discovering state employee personnel files. *Jones*, 788 P.2d at 737 n.8.

3

AS 39.25.080. The rights of the defendants to protect their files from unnecessary intrusion outweigh the complete disclosure that plaintiff demands.

Commentators on the Federal Rules of Evidence have suggested that statutes like AS 39.25.080 create qualified privileges. *2 Weinstein's Evidence* par. 501[05], at 501.59-.60 (1995). In determining whether to permit discovery of confidential files, the court should determine whether the purpose of the statute can be served while at the same time, allowing for necessary discovery.

If this Court is inclined to order the release of the personnel files, disclosure should occur in the least intrusive manner possible. *Jones,* 788 P.2d at 739. Just because plaintiff *says* that the files contain relevant information does not mean that she is entitled to go on the proverbial fishing trip at the defendants' expense. Plaintiff is required to show that the files contain relevant material which may lead to admissible evidence. Assuming plaintiff can make that showing, she must then state why she is entitled to material in the files before being permitted any access at all.

Under FRCP 26(c) a party should be protected from "annoyance, embarrassment, oppression, and undue burden." Plaintiff's unlimited demand for the complete contents of each defendant's personnel file is likely to lead to just the type of annoyance, embarrassment, oppression, and undue burden contemplated by FRCP 26 (c). Complete employment histories and sensitive personal information are not relevant to this case. Plaintiff's global demand for the files should not be allowed to undercut the statutory grant of confidentiality.

For these reasons, this Court should deny plaintiff's overbroad request for the defendants' personnel files. However, if the Court is inclined to order the release of the files, defendants respectfully request that the Court perform an *in camera* review of any documents that defendants object to producing.[3] Defendants also ask this Court for an order allowing them to redact irrelevant sensitive personal information such as social security numbers, home addresses and telephone numbers, names of family members, medical information and/or records, tax information, and pension and SBS information. *In camera* review and redaction of irrelevant personal information represents a fair balance of defendants' right to confidentiality and expectation of privacy against the plaintiff's right to discover relevant information.

DATED this _____ day of January, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:
Paula M. Jacobson
Assistant Attorney General
Alaska Bar No. 9011101

---

[3] To ease the burden on the Court (because there are five separate files) defendants propose sending the Court only those parts of the personnel files that defendants object to producing. Defendants also ask that the Court allow them to redact personal information including social security numbers, home address and telephone numbers, names of family members, medical information and medical records, tax information, and pension/SBS information before production occurs.

This is to certify that on this date, a copy of the foregoing is being mailed to:

Edwin S. Budge
Erik J. Heipt
Budge & Heipt, PLLC
705 2nd Ave., # 910
Seattle, WA  98104

_____
Heather R. Hebdon			Date