DAVID W. MÁRQUEZ
ATTORNEY GENERAL
Paula M. Jacobson
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Phone: (907) 269-5190
Fax:    (907) 258-0760
Attorney for State Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE<br><br>          Plaintiffs,<br><br>     vs.<br><br>DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, and LINDA MONTECILLO,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.: 3:05-cv-176-RRB |

**MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

Plaintiff asked defendants to produce their personnel files.  Defendants have refused, citing the confidential nature of the file and their right to privacy.  Plaintiff filed a Motion to Compel, which defendants have opposed.

If this Court finds that some disclosure is warranted, it should balance plaintiff's need for discovery against the defendants' privacy rights which are protected by

AS 39.25.080.  The rights of the defendants to protect their files from unnecessary intrusion outweigh the complete disclosure that plaintiff demands.

Commentators on the Federal Rules of Evidence have suggested that statutes like AS 39.25.080 create qualified privileges.  *2 Weinstein's Evidence* par. 501[05], at 501.59-60 (1995).  In determining whether to permit discovery of confidential files, the court should determine whether the purpose of the statute can be served while at the same time, allowing for necessary discovery.

If this Court is inclined to order the release of the personnel files, disclosure should occur in the least intrusive manner possible.  *Jones,* 788 P.2d at 739.  Just because plaintiff *says* that the files contain relevant information does not mean that she is entitled to go on the proverbial fishing trip at the defendants' expense.  Plaintiff is required to show that the files contain relevant material which may lead to admissible evidence.  Assuming plaintiff can make that showing, she must then state why she is entitled to material in the files before being permitted any access at all.

Under FRCP 26(c) a party should be protected from "annoyance, embarrassment, oppression, and undue burden."  Plaintiff's unlimited demand for the complete contents of each defendant's personnel file is likely to lead to just the type of annoyance, embarrassment, oppression, and undue burden contemplated by FRCP 26 (c).  Complete employment histories and sensitive personal information are not relevant to this case.  Plaintiff's global demand for the files should not be allowed to undercut the statutory grant of confidentiality.

For these reasons, this Court should deny plaintiff's overbroad request for the defendants' personnel files.  However, if the Court is inclined to order the release of the files, defendants respectfully request that the Court perform an *in camera* review of any documents that defendants object to producing.[1]  Defendants also ask this Court for an order allowing them to redact irrelevant sensitive personal information such as social security numbers, home addresses and telephone numbers, names of family members, medical information and/or records, tax information, and pension and SBS information.  *In camera* review and redaction of irrelevant personal information represents a fair balance of defendants' right to confidentiality and expectation of privacy against the plaintiff's right to discover relevant information.

DATED this 11th day of January, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:    s/ Paula M. Jacobson
       Assistant Attorney General
       Office of the Attorney General
       1031 W. 4th Ave., Suite 200
       Anchorage, Alaska  99501
       Phone: (907) 269-5190
       Fax:    (907) 258-0760
       Email: Paula_Jacobson@law.state.ak.us
       Alaska Bar No. 9011101

---

[1]    To ease the burden on the Court (because there are five separate files) defendants propose sending the Court only those parts of the personnel files that defendants object to producing.  Defendants also ask that the Court allow them to redact personal information including social security numbers, home address and telephone numbers, names of family members, medical information and medical records, tax information, and pension/SBS information before production occurs.

CERTIFICATE OF SERVICE

This is to certify that on this date, a copy of
the foregoing is being served electronically on:

Edwin S. Budge
Budge & Heipt, PLLC
705 2nd Ave., # 910
Seattle, WA  98104
ed@budgeandheipt.com


s/ Paula M. Jacobson     1/11/06