**Erik J. Heipt**, *pro hac vice*
erik@budgeandheipt.com
**Edwin S. Budge**, *pro hac vice*
ed@budgeandheipt.com
BUDGE & HEIPT, P.L.L.C.
705 Second Ave., Suite 910
Seattle, WA 98104
Telephone: 206-624-3060
Facsimile: 206-621-7323

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE, | ) ) ) ) | NO. A05-0176 CV (RRB) |
| Plaintiffs, | ) ) | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR |
| v. | ) ) | ENLARGEMENT OF TIME WITHIN WHICH TO FILE REPLY |
| DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, LINDA MONTECILLO AND ERNEST MELOCHE, M.D., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

As a matter of courtesy, plaintiff and her counsel have given several past extensions to defendants' counsel.[1] It is generally our practice to do so. In this instance, however, defendants'

---

[1] Per their requests, plaintiff and her counsel gave defendants at least two extensions to file their answer and at least one extension to serve discovery responses.

PLAINTIFF'S RESPONSE      1

request for an extension of time in which to file their reply brief is unjustified. It should be denied so that the merits of defendants' underlying motion can be promptly decided.

## ARGUMENT

Four days before Christmas—and without previous notice to plaintiff's counsel—defendants filed a Motion to Dismiss State Law Claims Without Prejudice. In choosing to file their motion at that time, *defendants* determined the briefing schedule that would result. Because defense counsel chose to file a motion to dismiss immediately before Christmas, plaintiff's counsel was forced to labor over the Christmas and New Year holidays to prepare a response to defendant's motion. On January 3, 2006, plaintiff filed her Memorandum in Opposition to Defendants' Motion to Dismiss State Law Claims Without Prejudice together with supporting papers. As those materials make plain, defendants' underlying motion to dismiss the state law claims borders on frivolous and should be denied.

Now, rather than either withdrawing their underlying motion or submitting a substantive reply brief, defendants have requested an additional thirty days to file their reply. Yet, they provide no legitimate justification for their request. Defendants purport that they need more time because the case is "very fact intensive" and "it has been necessary to consult with state medical officials and independent medical experts."[2] While it is true that the case is fact intensive and that the facts are useful background for the Court, further medical or factual investigation has no bearing whatsoever on the defendants' underlying motion.

Defendants' counsel also swears that "[a]fter filing the Motion [she] discovered that it was also necessary to do further investigation and legal research on the certification issue prior to

---

[2] Affidavit of Paula M. Jacobson, ¶ 7.

PLAINTIFF'S RESPONSE                                                                                                    2

proceeding with defendants' Reply."[3] Yet, defense counsel does not explain what that additional "investigation" or "research" could possibly be, why that "investigation" or "research" was not done *before* defendants' motion was filed rather than after, and why such research or investigation could not be done within the briefing schedule laid out by the local rules.

Finally, defense counsel asks for the opportunity to have the issues reviewed by more senior counsel and notes that she has a two-week vacation scheduled for this month. Again, however, defense counsel does not explain why the Attorney General's office did not undertake an adequate review of the merits of their motion *before* it was filed instead of waiting to evaluate the merits of the motion until after plaintiff responded to the motion. Moreover, it was the defense, not the plaintiff, that determined the briefing schedule and defense counsel's vacation schedule would not have been the slightest bit impacted had the defense simply filed their reply when it was due (or withdrawn their underlying motion).

In short, the defense has not shown any justification for stringing their own motion out for another thirty days. To do so would not be fair to plaintiff. It was, after all, the defendants' own motion. They should have been prepared to brief it if it had merit or withdraw it if it did not. The plaintiff and her counsel, having shown that the underlying motion is untenable, are entitled to a prompt ruling so that they can make numerous needed strategic decisions and proceed with the case in an efficient and focused way.

## CONCLUSION

For the foregoing reasons, defendants' Motion for Enlargement of Time Within Which to File Reply should be denied so that a ruling on defendants' underlying Motion to Dismiss State Law Claims Without Prejudice can be issued without unnecessary delay.

---

[3] Id. at ¶ 8.

PLAINTIFF'S RESPONSE                                                                3

DATED this 13th day of January, 2006.

BUDGE & HEIPT, P.L.L.C.

/S/

Edwin S. Budge, *pro hac vice*
Erik J. Heipt, *pro hac vice*
Attorneys for Plaintiff

Certificate of Service

I certify that on the date stated below, I caused this document to be served on on Paula M. Jacobson, Esq., Office of the Attorney General, 1031 W. Fourth Ave., Suite 200 Anchorage, AK 99501 The documents were filed with the Court via its electronic filing system, which will provide automatic notice to opposing counsel. Copies were also delivered to opposing counsel via facsimile and United States mail.

DATED this 13th day of January, 2006 at Seattle, Washington.

/S/

Edwin S. Budge