Erik J. Heipt, *pro hac vice*
erik@budgeandheipt.com
Edwin S. Budge, *pro hac vice*
ed@budgeandheipt.com
BUDGE & HEIPT, P.L.L.C.
705 Second Ave., Suite 910
Seattle, WA 98104
Telephone: 206-624-3060
Facsimile: 206-621-7323

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, LINDA MONTECILLO AND ERNEST MELOCHE, M.D., <br><br> Defendants. | NO. A05-0176 CV (RRB) <br><br> PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES |

## INTRODUCTION

Plaintiff submits this reply brief in support of her Motion to Compel Discovery Responses and in reply to the opposition materials submitted by defendants. For the reasons discussed below, and as originally explained in her moving papers, the motion should be granted.

PLAINTIFF'S REPLY 1

## ARGUMENT

Plaintiff has absolutely no objection to the redaction of purely personal information contained in employee records: social security numbers, home addresses and telephone numbers, names of family members, the employee's own medical information, tax information, and pension information. Redaction of that information is perfectly appropriate.

However, defendants have never offered to compromise. They have never offered to produce *even redacted* personnel records. They wholly refuse to produce documents that are undeniably calculated to lead to the discovery of admissible evidence. They steadfastly decline to provide any files containing such things as complaints and accusations of official misconduct, investigative materials, training records, and other information with potential relevance to a host of core issues.

Remarkably, they maintain their position in the face of clear law to the contrary. They continue to assert that the right of privacy contained in the Alaska Constitution, Article I § 22, insulates them from providing any personnel information in this civil proceeding. Yet, this precise issue was considered and rejected by the Supreme Court of Alaska sixteen years ago in Jones v. Jennings, 877 P.2d 732 (Ak. 1990). There, the court was faced with the exact argument now being advanced by defendants. Specifically, the Municipality of Anchorage and two of its police officers invoked Article I, § 22 to argue that they were not required to produce documents relating to the police officers' personnel records in a case alleging violations of 42 U.S.C. § 1983. The court squarely considered and rejected this argument, holding that the applicable rules of civil procedure as well as "considerations of openness, free access to the workings of government, insuring the effective operation of our judicial system," and "providing a remedy to one tortiously injured by a public employee," compelled the production of the public employees'

PLAINTIFF'S REPLY                                    2

records. *Id.* at 739. It is incomprehensible, therefore, that defendants continue to argue that the Alaska Constitution immunizes them from producing the information at issue.

For similar reasons, defendants' reliance on AS 39.25.080 should be rejected. The *Jones* court considered a similar issue—an Anchorage ordinance that limited disclosure of certain information contained in employees' files—and held that the ordinance did not trump a civil litigant's right to obtain relevant personnel information. In this case, as has been stated before, any privacy issues are ameliorated by redaction of purely personal information and the fact that plaintiff's counsel has signed a protective order limiting the disclosure of information defendants deem sensitive.

## CONCLUSION

For the foregoing reasons, and as originally set out in plaintiff's moving papers, Plaintiff's Motion to Compel Discovery Responses should be granted.

DATED this 13th day of January, 2006.

BUDGE & HEIPT, P.L.L.C.

/S/
Edwin S. Budge, *pro hac vice*
Erik J. Heipt, *pro hac vice*
Attorneys for Plaintiff

Certificate of Service

I certify that on the date stated below, I caused this document to be served on on Paula M. Jacobson, Esq., Office of the Attorney General, 1031 W. Fourth Ave., Suite 200 Anchorage, AK 99501 The documents were filed with the Court via its electronic filing system, which will provide automatic notice to opposing counsel. Copies were also delivered to opposing counsel via facsimile and United States mail.

DATED this 13th day of January, 2006 at Seattle, Washington.

/S/
Edwin S. Budge

PLAINTIFF'S REPLY                                                3