**Erik J. Heipt**, *pro hac vice*
erik@budgeandheipt.com
**Edwin S. Budge**, *pro hac vice*
ed@budgeandheipt.com
BUDGE & HEIPT, P.L.L.C.
705 Second Ave., Suite 910
Seattle, WA 98104
Telephone: 206-624-3060
Facsimile: 206-621-7323

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE, | ) NO. A05-0176 CV (RRB) ) ) ) ) PLAINTIFF'S MOTION IN LIMINE |
| Plaintiffs, | ) |
| v. | ) |
| DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, LINDA MONTECILLO AND ERNEST MELOCHE, M.D., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## INTRODUCTION

Plaintiff Julia Walker moves for an order *in limine* precluding defendant Ernest Meloche from presenting argument, testimony, or evidence relating to the terms of the

PLAINTIFF'S MOTION
IN LIMINE                                                         1

settlement agreement between plaintiff and the former defendants in this case. Any mention of such evidence is plainly barred by Rule 408 of the Federal Rules of Evidence. Plaintiff also moves to exclude any reference to the fact that her attorneys are from another state. This information is irrelevant and carries a danger of unfair prejudice and is therefore inadmissible under Federal Rules of Evidence 402 and 403.

## FACTS

This is a civil rights case arising from the death of a young man named Troy Wallace in the Ketchikan Correctional Center. Mr. Wallace died alone in his cell from complications related to acute alcohol withdrawal three and one-half days after he checked himself into the jail to serve a short sentence for disorderly conduct.

Plaintiff Julia Walker is Mr. Wallace's mother. She filed suit in her individual and representative capacity, initially naming seven defendants—five corrections officers, an on-site jail nurse, and defendant Meloche (a physician who contracted to provide medical services to the jail and who advised the jail on the treatment of Mr. Wallace before his death). Plaintiff Walker is represented by attorneys from the office of Budge & Heipt, PLLC, which is based in Seattle.

In June of this year, the parties participated in a mediation that took place in Anchorage. At the mediation, plaintiff Walker reached a settlement agreement with the five corrections officers and the jail nurse. Thereafter, in accordance with the agreement, plaintiff Walker dismissed her claims against those defendants. Thus, only her claims against defendant Meloche remain.

PLAINTIFF'S MOTION
IN LIMINE                                                    2

## ARGUMENT

**A.  The Court Should Exclude Evidence of Plaintiff Walker's Settlement with the Former Defendants**

The Court should exclude evidence of Plaintiff Walker's settlement with the former defendants. Such evidence is plainly inadmissible under Federal Rule of Evidence 408, which provides in relevant part as follows:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

Fed. R. Evid. 408.

Although defendant Meloche was not a party to the settlement agreement, Rule 408 clearly bars him from introducing evidence relating to the terms of the settlement or its amount. *See Hudspeth v. Commissioner of Internal Revenue Serv.*, 914 F.2d 1207, 1213 (9th Cir. 1990) ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise."); *United States v. Contra Costa County Water District*, 678 F.2d 90, 92 (9th Cir. 1982) (affirming exclusion of evidence relating to settlement between plaintiff and another party). Thus, evidence of plaintiff Walker's settlement with the former defendants is not admissible.

**B.  The Court Should Bar Reference to Plaintiff's Attorneys Out-of-State Status**

The Court should preclude the defense from mentioning the fact that plaintiff's trial attorneys are not from Alaska. Because this information has no bearing on any issues in this

PLAINTIFF'S MOTION
IN LIMINE                                            3

case and could serve no purpose other than to prejudice the jury against the plaintiff and her counsel, it should not be part of the trial. *See* Fed. R. Evid. 402 and 403.

## CONCLUSION

For the foregoing reasons, plaintiff requests that the Court enter the accompanying order precluding defendants from introducing evidence of her prior settlement with the former defendants and barring the defense from mentioning the fact that plaintiff's trial attorneys are from out of state.

DATED this 14th day of December, 2006.

BUDGE & HEIPT, P.L.L.C.

/s/ signature

Edwin S. Budge, *pro hac vice*
Erik J. Heipt, *pro hac vice*
Attorneys for Plaintiff