**Erik J. Heipt**, *pro hac vice*
erik@budgeandheipt.com
**Edwin S. Budge,** *pro hac vice*
ed@budgeandheipt.com
BUDGE & HEIPT, P.L.L.C.
705 Second Ave., Suite 910
Seattle, WA 98104
Telephone: 206-624-3060
Facsimile: 206-621-7323

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, LINDA MONTECILLO AND ERNEST MELOCHE, M.D.,<br><br>Defendants. | NO. A05-0176 CV (RRB)<br><br>PLAINTIFF'S RESPONSES TO DEFENDANT MELOCHE'S FIRST REQUESTS FOR ADMISSION<br><br>AND SUPPLEMENTAL RESPONSES |

## GENERAL OBJECTIONS

Plaintiff makes the following general objections and incorporates these objections by reference in response to any applicable discovery request:

Exhibit H
page 1 of 5

DISCOVERY RESPONSES                 1

1.  The plaintiff objects to those discovery requests that purport to impose any obligation in excess of that required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Alaska.

2.  The plaintiff objects to those discovery requests that seek information that is privileged under the attorney-client privilege and/or work product doctrine.

3.  The plaintiff objects to any discovery requests that are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.  Discovery and investigation are ongoing, and the plaintiff reserves the right to supplement or amend these responses as appropriate.

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1: Admit that Julia Walker was not dependant upon Troy Wallace for financial support at the time of his death.

RESPONSE: Denied. Although Ms. Walker was not receiving money from her son at the time of his death, Ms. Walker received financial support from her son during the last ten years of his life and had an expectation that she would receive such support as she aged. When he was working, her son would provide Ms. Walker with cash contributions of varying amounts up to several hundred dollars as a way to contribute toward her living and household expenses. These contributions varied in amount, sometimes being higher and sometimes being lower depending on Ms. Walker's needs and her son's ability to contribute toward them.

SUPPLEMENTAL RESPONSE: After giving further consideration to the timing of financial contributions made by Mr. Wallace, Ms. Walker amends her previous response as

DISCOVERY RESPONSES        2


Exhibit H
page 2 of 5

follows: Ms. Walker admits that she was not financially dependent on Troy Wallace for financial support at the time of his death.

REQUEST FOR ADMISSION NO. 2: Admit that no one was dependent upon Troy Wallace for financial support at the time of his death.

RESPONSE: Denied. Although Ms. Walker was not receiving money from her son at the time of his death, Ms. Walker received financial support from her son during the last ten years of his life and had an expectation that she would receive such support as she aged. When he was working, her son would provide Ms. Walker with cash contributions of varying amounts up to several hundred dollars as a way to contribute toward her living and household expenses. These contributions varied in amount, sometimes being higher and sometimes being lower depending on Ms. Walker's needs and her son's ability to contribute toward them. Ms. Walker does not know for certain whether anyone else received money from Troy Wallace.

SUPPLEMENTAL RESPONSE: After giving further consideration to the timing of financial contributions made by Mr. Wallace, Ms. Walker amends her previous response as follows: Ms. Walker admits that she was not financially dependent on Troy Wallace for financial support at the time of his death and does not know of anyone else who was financially dependent on Mr. Wallace for financial support at the time of his death.

Objections and responses dated this \_\_ day of October, 2006.

                                                _____
                                                Edwin S. Budge, pro hac vice
                                                Erik J. Heipt, pro hac vice
                                                Of Budge & Heipt, PLLC
                                                Attorneys for Plaintiff

DISCOVERY RESPONSES                      3

Exhibit H
page 3 of 5

Certificate of Service: On the dated stated below, I caused this document to be served on defense counsel, Michael Lessmeir via facsimile and mail, to 3000 Vintage Blvd., Suite 100, Juneau, AK 99801. Dated this 20 day of _____, 2006 at Seattle, Washington. _____.

Exhibit H
page 4 of 5

DISCOVERY RESPONSES                4

## VERIFICATION

I, Julia Walker, have read the foregoing responses to the requests and they are true and complete to the best of my knowledge and belief.

_____
Julia Walker

SUBSCRIBED AND SWORN to before me this 19nt day of October, 2006.

_____
Notary Public for the State of WA
My Commission Expires: April 4, 2009

[Notary Seal: BRIAN G. FISH, COMM. EXP. APRIL 4, 2009, NOTARY PUBLIC, STATE OF WASHINGTON]

DISCOVERY RESPONSES          5

Exhibit H
page 5 of 5