Michael L. Lessmeier, AK Bar #7910082
LESSMEIER & WINTERS LLC
3000 Vintage Blvd., Suite 100
Juneau, Alaska   99801
Phone (907) 796-4999
Fax    (907) 796-4998
Attorneys for Defendant Ernest Meloche, MD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE, <br><br>        Plaintiffs, <br> vs. <br> DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, LINDA MONTECILLO, and ERNEST MELOCHE, M.D., <br><br>        Defendants. | Case No. A05-176 CV  (RRB) <br><br> **OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE** |

## Introduction

The Plaintiff has asked the Court to preclude mention of her counsel's out-of-state status and to exclude evidence of her settlement with the State of Alaska and its employees.  Dr. Meloche has no objection to the Plaintiff's request regarding the status of her counsel so long as any such order applies to the Plaintiff and her counsel as well.  Dr. Meloche opposes that part of the Plaintiff's motion that seeks to exclude evidence of her settlement with the State of Alaska and its employees for two reasons.  First, Evidence Rule 408 does not preclude evidence of settlement when it is relevant to show bias or prejudice.  Here, the evidence shows that after the Plaintiff settled her claims with the State of Alaska and its employees, one of her expert witnesses

*Opposition to Plaintiff's Motion In Limine*
*Walker, Estate of Wallace v. Henderson et al.;*
*Case No. A05-176 CV  (RRB)*                                                    Page 1 of  8

reversed his opinion on State employee fault. Numerous courts have held this is clear evidence of bias and is an independent basis for denial of the Plaintiff's motion. Second, Plaintiff's request is contrary to the allocation of fault provisions of AS 09.17.080. The jury must be told of the release of the State of Alaska and its employees in order to allocate fault. These purposes are expressly within the permissible uses of evidence of settlement allowed by Rule 408 and Dr. Meloche respectfully requests the Court so rule.

## Legal Argument

### 1. The Status of Plaintiff's Counsel.

Dr. Meloche does not oppose Plaintiff's request that no mention be made of the fact that Plaintiff's counsel is from down south, so long as the restriction is mutual. As drafted, the Plaintiff's order would apply only to Dr. Meloche and his counsel. If the Plaintiff truly wants to remove this issue from discussion with the jury as she apparently does, fairness requires that any such order should apply to the Plaintiff and her counsel as well – they should not be allowed to mention where their counsel is from either.

### 2. Plaintiff's Request to Prohibit Evidence of the Settlement Should Be Denied.

In two short paragraphs, the Plaintiff argues that Evidence Rule 408 prohibits the admission of her settlement with the State of Alaska and its employees. She presumes that Rule 408 is a blanket prohibition, but it is not, for it expressly allows the use of evidence of settlement for purposes such as "proving a witness's bias or prejudice".[1] As explained in the Committee Notes to the 2006 Amendments to Rule

---

[1] The single substantive case the Plaintiff cites on Rule 408, *United States v. Contra Costa County Water Dist.,* 678 F.2d 90, 92 (9th Cir. 1982) does not address the exceptions set forth in the rule, which are at issue here. There, a party specifically sought to introduce the amount of a negotiated settlement to establish the amount it should be given credit for, clearly a purpose excluded under Rule 408. The *Contra Costa* court nowhere discussed the

*Opposition to Plaintiff's Motion In Limine*
*Walker, Estate of Wallace v. Henderson et al.;*
*Case No. A05-176 CV  (RRB)*                                                      Page 2 of  8

408, the "amendment retains the language of the original rule that bars compromise evidence *only* when offered as evidence of the 'validity,' 'invalidity,' or 'amount' of the disputed claim."  The Plaintiff has not addressed the portion of Rule 408 that allows evidence of compromise if offered for a purpose other than the "validity," "invalidity" or "amount" of the disputed claim.

The Court of Appeals has long recognized that use of evidence of compromise to impeach a witness is such a valid "other" purpose.  In *Brocklesby v. United States*, the Ninth Circuit upheld the district court's admission of an indemnity agreement over a Rule 408 objection in part because the proponent argued the evidence was admissible to attack the credibility of the opposing party, a purpose distinct from proving liability.[2]  The Court explained that "[i]f the existence of the indemnity agreement made the defendants' witnesses' testimony less credible, it was admissible."[3]  The Court of Appeals has recently ruled similarly in applying the exceptions to Rule 408.[4]

Evidence of the Plaintiff's settlement is admissible in the present case for the same reasons discussed in *Brocklesby*.  The evidence here will show the Plaintiff used the report of one of her liability experts, a report that was critical of the State employees, to convince the State and its employees to settle.  In his report, dated 1 June 2006, Dr. Cummins was critical of Nurse Monticello, the State of Alaska Correctional Officers and Dr. Meloche.  He wrote:

In my opinion, the responsible medical personnel, primarily nurse

---

use of evidence of settlement for purposes of impeachment, prejudice and bias, which are permissible purposes, and are what is at issue here.

[2] 767 F.2d 1288, 1292-3 (9th Cir. 1985).

[3] *Id.* at 1293 (citations omitted).

[4] *United States v. Technic Services, Inc.,* 314 F.3d 1031, 1045 (9th Cir. 2002).

*Opposition to Plaintiff's Motion In Limine*
*Walker, Estate of Wallace v. Henderson et al.;*
*Case No. A05-176 CV  (RRB)*                                                                 Page 3 of 8

> Linda Monticello and on-call physician, Dr. Meloche, had a professional duty to recognize the severity of Troy Wallace's alcohol withdrawal syndrome. They needed to appreciate that the onset of delirium and hallucinations defined Mr. Wallace as suffering from delirium tremens, a state of medical emergency with a high potential for significant morbidity and mortality.
>
> \* \* \*
>
> Mr. Wallace's condition deteriorated during the evening of July 23 and after midnight on July 24. However, his death was still preventable and his condition reversible if emergency medical care had been provided to him at any point up to, and possibly several minutes after the cessation of body movement after 1:12 a.m. If the responsible correction officers had activated such a response within this deadline, it would have significantly increased his chances of resuscitation and recovery.[5]

Twelve days later the Plaintiff settled her claims with the State of Alaska and its employees, as documented in the Settlement and Release they signed.[6] After so using this report to settle the Plaintiff's claims against the State and its employees, the Plaintiffs expert, Dr. Richard Cummins, changed his opinion. When Dr. Cummins' deposition was taken on 1 December 2006, contrary to what he wrote in his report as quoted above, he testified he had no criticism of Nurse Monticello or the corrections officers:

> Q. Do you have any criticisms of Nurse Montecillo?
>
> A. No.
>
> Q. Do you have any criticisms of the correctional staff?
>
> A. No.

---

[5] Cummins Report at Pages 8 and 9. A copy of Pages 8 and 9 is submitted herewith as Exhibit A. The entire report is before the Court as an attachment to Plaintiff's Opposition to Motion for Summary Judgment.

[6] This Settlement and Release, signed on 12 June 2006, is before the Court as Exhibit D to Memorandum In Support of Motion to Transfer.

*Opposition to Plaintiff's Motion In Limine*
*Walker, Estate of Wallace v. Henderson et al.;*
*Case No. A05-176 CV  (RRB)*                                                          Page 4 of  8

> Q. Has your opinion changed since you wrote your report?
>
> A. On the medical staff?
>
> Q. Yes. On the correctional center staff and/or Nurse Montecillo?
>
> A. I at some point shifted my focus on to Dr. Meloche so I would have to kind of review the information again to actually answer the question.[7]

As set forth above, the Court of Appeals has specifically ruled that the use of evidence of compromise to impeach the credibility of a witness is a valid "other" purpose under Rule 408. A number of other courts have specifically so held in virtually identical circumstances. *Quirion v. Forcier*[8] was a malpractice action in which the Plaintiff settled with 3 doctors and then went to trial against the remaining physician and clinic. One of the Plaintiff's medical experts changed his opinion about the responsibility of the remaining physician after the settlement. The trial court allowed evidence of the fact of settlement as "bearing" on the expert's credibility. The Vermont Supreme Court affirmed, and in so doing explained that the remaining Defendants "offered the settlements as the motive for the changes of opinion. Thus, the settlement was used to show bias or prejudice of the expert witness, exactly one of the uses contemplated by Rule 408."[9] The Court further explained that the Defendants "had to attack the weight of the doctor's testimony in the minds of the jury, and the changes in testimony, combined with the motive shown by the settlement, were probative to do so."[10]

---

[7] Cummins Deposition at 68-70. (Exhibit B) Dr. Cummins gave this testimony after testifying that his 1 June 2006 report accurately and completely set forth his opinions and that he had not changed any of those opinions. *Id.* at 16-17.

[8] 632 A.2d 365 (Vt. 1993).

[9] *Id.* at 367-368.

[10] *Id.* at 369.

*Opposition to Plaintiff's Motion In Limine*
*Walker, Estate of Wallace v. Henderson et al.;*
*Case No. A05-176 CV (RRB)*                                                                 Page 5 of 8

The Kentucky Supreme Court addressed another strikingly similar situation in *Miller v. Marymount Medical Center*.[11] There two expert witnesses employed by the Plaintiff changed their testimony after the Plaintiff settled with two of the physicians initially sued. The credibility of these experts was impeached at trial with this evidence.[12] In a thorough opinion that discussed cases from five other jurisdictions which affirmed the admission by a lower court of evidence of settlement to show the motive for a witness's post settlement change in testimony, the Kentucky Supreme Court reasoned that proof that tends to expose a motivation to slant testimony is relevant and that the interest of a witness is not collateral and may be proved to enable a jury to determine the credibility of the witness. The Court affirmed the admission of the settlement to impeach the credibility of the experts who changed their opinions.[13]

The Alaska Supreme Court has also expressly approved the use of such evidence under the virtually identical Alaska Rule of Evidence 408. One of the issues before the Alaska Supreme Court in *Frontier Companies of Alaska, Inc. v. Jack White Company, et al.,* was whether it was error for the trial court to allow evidence of the settlement of third party claims.[14] Counsel for Jack White argued that evidence of the settlement created "incentives to make sure that they're working together. . . [T]hey have to, in a sense, make sure their testimony lines up. Why? Because of Frontier-if you decide that Frontier is in the wrong, then Arctic Slope has to pay half."[15] The

---

[11] 125 S.W.3d 274 (Ky., 2004).

[12] *Id.* at 279.

[13] *Id.* at 281-2.

[14] 818 P.2d 645, 651 (Alaska 1991).

[15] *Id.* at 651.

*Opposition to Plaintiff's Motion In Limine*
*Walker, Estate of Wallace v. Henderson et al.;*
*Case No. A05-176 CV (RRB)*                                        Page 6 of 8

Alaska Supreme Court upheld the admission of the evidence, reasoning that:

> Evidence Rule 408 specifically allows the use of settlement agreements to show witness bias. . . . Because of the agreement, ASRC representatives might be motivated to slant their testimony in Frontier's favor and vice-versa. The trial court did not err in allowing the testimony.[16]

Now that the Plaintiff has settled her claims against the State of Alaska and its employees, it is no longer in her interest to prove liability on the part of the parties it released. In fact, it is contrary to her current interest of establishing fault and causation on the part of Dr. Meloche. It is also contrary to her current interest in minimizing any fault of the State of Alaska and its employees for purposes of allocation of fault under AS 09.17.080.

As explained above, at least one of the Plaintiff's liability experts has already engaged in a post settlement change in opinion, a change he is motivated to engage in because it is no longer in the Plaintiff's interests to establish or enhance the fault of the parties she has released. The Court of Appeals, the Alaska Supreme Court and each of the courts referenced above have approved the admission of evidence of settlement for impeachment purposes under similar and in some cases almost identical facts. Because evidence of settlement is being offered for purposes other than the prohibited purposes of Rule 408, and for purposes expressly allowed by Rule 408, Dr. Meloche respectfully requests the Court deny the Plaintiff's motion.

The Plaintiff's Motion should be denied for yet another reason, for evidence of the fact of compromise is admissible in the present case because a jury will have to allocate fault under AS 09.17.080. AS 09.17.080(a) requires in relevant part that a jury answer special interrogatories showing the fault allocated to each "person who has been released from liability." In making the allocation of fault, AS 09.17.080(b)

---

[16] *Id.* at 652.

*Opposition to Plaintiff's Motion In Limine*
*Walker, Estate of Wallace v. Henderson et al.;*
*Case No. A05-176 CV (RRB)*                                        Page 7 of 8

requires the jury to "consider both the nature of the conduct of each person at fault, and the extent of the causal relation between the conduct and the damages claimed." The jury will thus have to know that the Plaintiff sued the State employees and then settled with the State and its employees. The jury will know the Plaintiff's experts were critical of the State employees. The Plaintiff has made no effort to show how AS 09.17.080 can be followed without the jury knowing of the settlement.

## Conclusion

Dr. Meloche respectfully requests the Court deny the Plaintiff's request to prohibit any reference to the settlement she made with the State of Alaska and its employees. There are allowable purposes for the use of such evidence, as outlined above. Dr. Meloche does not oppose that portion of the Plaintiff's motion addressed to the status of her counsel, so long as the specific restriction the Plaintiff has proposed applies to Plaintiff and her counsel as well. An appropriate order is submitted herewith.

DATED this 5th day of January, 2007, at Juneau, Alaska.

LESSMEIER & WINTERS
Attorneys for Defendant Dr. Meloche
By:_____/S/_____
Michael L. Lessmeier, AK Bar 7910082

The undersigned hereby certifies that on the 5th of January, 2007, a copy of the foregoing document was electronically served to the following attorneys of record:

Edwin S. Budge, Esq.
Budge & Heipt, PLLC
705 2nd Avenue, #910
Seattle, WA 98104

 /S/ Michael L. Lessmeier
0034-078 OppPlntfsMotionInLimine.wpd

*Opposition to Plaintiff's Motion In Limine*
*Walker, Estate of Wallace v. Henderson et al.;*
*Case No. A05-176 CV  (RRB)*                                    Page 8 of  8