**Erik J. Heipt,** *pro hac vice*
erik@budgeandheipt.com
**Edwin S. Budge,** *pro hac vice*
ed@budgeandheipt.com
BUDGE & HEIPT, P.L.L.C.
705 Second Ave., Suite 910
Seattle, WA 98104
Telephone: 206-624-3060
Facsimile: 206-621-7323
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| JULIA WALKER, individually and as Personal Representative of the ESTATE OF TROY WALLACE,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID D. HENDERSON, LAURI A. MURRAY, WALTER T. RUD, SHERRI L. DAVIS, EDWIN D. IRIZARRY, LINDA MONTECILLO AND ERNEST MELOCHE, M.D.,<br><br>Defendants. | NO. A05-0176 CV (RRB)<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE |

## INTRODUCTION

Plaintiff Julia Walker respectfully submits this brief reply in support of her motion in limine. The only question for the Court to resolve is the admissibility of the settlement between Ms. Walker and the former defendants.[1]

---

[1] Plaintiff Walker also moved to preclude the defendant from referring to her counsel's out-of-state status. Dr. Meloche does not oppose plaintiff's request, so long the order applies equally to both sides. Because plaintiff does not object to this, the issue has been resolved.

PLAINTIFF'S REPLY IN SUPPORT         1
OF HER MOTION IN LIMINE

## ARGUMENT

### 1. The Amount and Terms of the Settlement are Plainly Inadmissible and Defendant Does Not Attempt to Argue Otherwise

Dr. Meloche does not attempt to claim that the *amount* of the settlement is admissible or that any of its terms should come into evidence. Because the amount of the settlement and its terms are plainly inadmissible, and the defendant does not contend otherwise, the only issue is whether the existence of the settlement can be used by the defense at trial.

### 2. The Fact of the Settlement Should Also be Excluded

Although Dr. Meloche does not attempt to claim that the terms of the settlement are admissible, he argues that (1) the *fact* of the settlement is relevant to show bias or prejudice on the part of one of plaintiff's experts, and (2) excluding evidence of the settlement would be contrary to the fault allocation provisions of Alaska law. As discussed below, both of these arguments are without merit.

Dr. Meloche first argues that evidence of the settlement is necessary to "impeach" plaintiff's medical expert. According to Dr. Meloche, plaintiff's expert "changed" his opinion after the settlement. To support this, the defense points to the following testimony from Dr. Cummins:

> Q. Has your opinion changed since you wrote your report?
>
> A. On the medical staff?
>
> Q. Yes. On the correctional center staff and/or Nurse Montecillo?
>
> A. I at some point shifted my focus on to Dr. Meloche so I would have to kind of review the information again to actually answer the question.

Defendant's Br. at 5 (citing Cummins Dep. at 68-70).

PLAINTIFF'S REPLY IN SUPPORT        2
OF HER MOTION IN LIMINE

Contrary to defendant's implication, Dr. Cummins has *always* been highly critical of Dr. Meloche's medical care (or lack thereof), and the above testimony hardly establishes that he has "changed" his opinion in any way. His report, which is highly detailed, focuses a great deal on Dr. Meloche's substandard care. *See* Report of Richard O. Cummins, attached to Declaration of Richard O. Cummins (Dkt. 68). In the above-quoted deposition transcript, Dr. Cummins was merely pointing out that he had been focusing his time and attention on reviewing the conduct of Dr. Meloche. This makes perfect sense, given that *Dr. Meloche is the only remaining defendant in the case.*

One of the primary principles underlying Federal Rule of Evidence 408 is to promote the public policy favoring the compromise and settlement of disputes. *See Hudspeth v. Commissioner of Internal Revenue Serv.*, 914 F.2d 1207, 1213-14 (9th Cir. 1990) (citing Fed. R. Evid. 408, advisory committee's note). This principle should be carefully guarded by the courts. For a party to circumvent 408 (and its underlying policy of encouraging parties to settle their disputes), he should have more evidence of witness bias than an ambiguous deposition exchange. Moreover, the defense does not explain how the fact of the settlement would enhance its ability to impeach Dr. Cummins. The defense is free to point out that Dr. Cummins's report also criticized the actions and inactions of the jail's staff. Dr. Cummins report says what it says. His deposition transcript says what it says. If the defense believes that Dr. Cummins has somehow changed his opinion, it is free to impeach him with report and/or deposition transcript. That does not render the settlement any more admissible.

Dr. Meloche next argues that granting plaintiff's motion would be inconsistent with the fault allocation provisions of Alaska law. This is incorrect. Plaintiff's motion is geared toward

Dr. Meloche and his counsel and what they can introduce and/or argue to the jury. Plaintiff's motion certainly would not prohibit the Court from instructing the jury that Ms. Walker originally had claims against the former defendants, which have since been resolved. Nor would it prohibit the defense from arguing that fault should be allocated. But the defense should not be allowed to influence the jury's fault allocation determination with the settlement agreement, since the very purpose of Fed. R. Evid. 408 is to bar evidence of settlement to prove liability or the amount of liability.

## CONCLUSION

For the foregoing reasons, plaintiff requests that the Court enter an order precluding defendants from introducing evidence of her settlement with the former defendants. Even if the Court finds that the *fact* of the settlement is admissible (or reserves ruling on the issue), the Court's order should clearly state that the *terms* of the settlement (including the dollar amount) is not admissible at trial. A revised proposed order is submitted herewith.

DATED this \\_ day of January, 2007.

BUDGE & HEIPT, P.L.L.C.

_____
Edwin S. Budge, *pro hac vice*
Erik J. Heipt, *pro hac vice*
Attorneys for Plaintiff

PLAINTIFF'S REPLY IN SUPPORT   4
OF HER MOTION IN LIMINE